2-1-1-7-4-4 Wineries of the Old Mission Peninsula Association et al. v. Township of Peninsula Michigan. Arguments not to exceed 15 minutes per side. Ms. Andrews for appellant. Good morning, Your Honors, and may it please the Court. My name is T.J. Andrews. I am here on behalf of Protect the Peninsula, the movement, and Right now, the private and personal rights and interests of Protect the Peninsula and its members are being adjudicated in the District Court by its political opponent in the township, in the land use arena, and by the township, whose interests and litigation strategies are necessarily driven by hearing PTP's side of the story. The room is being painted, which will, with the force of a federal court order, decide the fate of a plan and a zoning scheme that PTP helped build and defend for 40 years, and that its members have relied upon and invested with the reasonable expectation that it would continue to limit commercialized zones next door. Rule 24A was intended and structured to entitle the participation of people in litigation where their interests are at stake. In a closed case, which we submit this is not, the rule and case law favor intervention. With respect to PTP and its members' interests in this case, the District Court and the wineries err in two general ways. First, they misunderstand Rule 24 precedent, and second, they misunderstand zoning. They rely principally on the Providence Baptist Church, Northland Clinic, and Coalition to Defend Affirmative Action trilogy of cases, which address the interests of ballot committees in the enforcement of laws that they helped put on the ballot when those laws are subsequently challenged. Protect the Peninsula is not, and has never been, a ballot committee. PTP is a Michigan nonprofit. Its purpose is to protect active farming and residential quality of Are there cases that you would have us rely on apart from the ones that you cited that the other side is relying on? Yes. So that, say, adjoining landowners can challenge, can participate as Walpy out of the D.C. circuit. And PTP includes, as members of PTP, adjoining landowners. As I understand, this is a relatively small area, this peninsula, and relatively few landowners around. Yes, Your Honor. PTP includes members who are adjoining and in very near proximity to both, both adjoining and proximity to the wineries, and we've provided those affidavits in the record. And PTP wants to enforce the existing zoning ordinances, is that correct? PTP wants to adjudicate and vindicate the zoning scheme, which includes a whole series of provisions that prevent non-agricultural commercial activities in the agricultural district. So why isn't the township adequate to represent your interests? The township's adequacy, for at least three reasons. First, the township and PTP's interests differ. They don't have the same interests, they don't have the same goal. PTP, the township has, as the regulator or the overarching governmental entity, it's responsible to balance the interests of all of its land uses within the township. That includes not only residential and farm, but it also includes winery and commercial interests. And one of the parties in this case is one of those constituents, it's the wineries. The township does not represent the particularized interests in the quality of life, use and enjoyment of neighbors' properties adjoining a winery or in the proximity of a winery. Is that true in the township's sort of litigation function as opposed to in its legislative function? So we might say, like, if I ramp up the level of government and we have Congress and let's say there's a statute that's being challenged on constitutional grounds, ordinarily the Solicitor General will defend that statute, even if it's a statute that does not reflect perhaps the political preferences of the current administration. So it will defend the law because it is a law of Congress, but the administration's position if they were to take the question afresh or consider an amendment might be different, right? So is there a difference between the townships as litigator in defending a law and as promulgator of new laws? I'm not sure there's a distinction as it relates to intervention in the sense that several things. One is the township's actual litigation strategy. The township's interest may in fact be, and there is indication in the record that it is and has been, to permit more commercial activities. So at least as it comes out in a litigation strategy, if in fact the township, and in this case apparently has in fact articulated a desire to amend zoning, revise zoning, to loosen the commercialization and increase the permissive activities, and also to not defend the legality of the provisions at issue in this case. When another, the Secretary of State in Michigan AFL-CIO case, the Secretary of State is charged to administer the campaign finance regulations in Michigan. In that case you had the unions on the one hand, they were in, the plaintiff in that case, Secretary of State is fully authorized and required to defend the legality, but the Chamber of Commerce was permitted to intervene regardless because it had a more particularized interest, because it had been a vital participant for all those years. Because it was an actual opponent, a political opponent of the unions, it was trying to regulate, provide for an equal playing field, and in fact its members were regulated by the provisions. This is, PTP is, you know, on point within the township land use provision. It's been a vital participant for years. It's, you know, even before and after these rules were adopted, it's been the political opponent of the wineries in these situations. It has the township, its members are affected by these rules. Does PTP have as members wineries? No. Simply land owners that are individuals or can it have companies that are not wineries? It's individuals and farmers as well. And the township's pleadings indicate the distinction between your organization and their responsibilities? Is that a fair reading of what the township itself has alleged? Sorry, could you repeat that? The township itself has indicated distinctions between its responsibilities and the responsibilities that you seek to undertake in accordance with this litigation? Yes, Your Honor. We, I believe the township has been clear that they cannot protect the private interests of the land owners adjoining these properties, adjoining the wineries. And on this appeal, we do not have the township present, correct? That's correct. I'm wondering about this 49-page decision of the district judge in this case that came out within the last week and what your reaction is to that in terms of the limited issue in front of us, which is whether you have the right to intervene? Yes, Your Honor. I think that's a fair question that I assure you we've been grappling with. The order that came out, when PTP, by design under Rule 24, a party is required to file a timely application and intervene, and PTP did that. That's not up for discussion. At the time PTP did that, it anticipated a series of events. It anticipated that the disposition of this case would harm its and its members' interests. It anticipated based on the things we had already seen out of the township and the differences in our interests that the township would not adequately represent our interests, would not raise issues and defenses that PTP was raising. This order confirms those things. It doesn't, this order doesn't change any of the things that PTP anticipated at the front end of this case would happen. So the order invalidates a bunch of the different parts of the ordinances? Yes. And that's antithetical to the position that you would have, which would be grossly generalizing that the ordinances should be enforced? Correct, Your Honor. It immediately enjoins swaths, almost every, I counted 28 independent provisions, all of which have to do with the commercialization of activities at the wineries that are in the agricultural district, and that PTP, many of those based on the township's concessions and admissions in the course of the case and in briefing on summary judgment. So if we were to agree with your position here that you did have a right to intervene and issued an opinion to that effect, what would happen on remand? So the first thing, I would call it a triage approach. The first thing PTP would try to do is to request a stay of the injunction. And we think given the fact that these ordinances have been on the fact for over 20 years, and that many of the arguments, legal arguments, were not even raised to the district court, we would ask that the district court reconsider at least a stay. The second issue we would try to do is to at least preserve the legal arguments that the township didn't raise, the concessions, the failure to address significant arguments about the record. So you could conceivably then have briefing that would start fresh with you briefing the positions that you would have as an intervener, and then the other parties having the opportunity to brief in response? Yes, Your Honor. And I don't think it's that unusual. I understand that the lapse of time may be unusual from when we intervened to where we are today. But parties do intervene once the harm happens, if that's when they realize the harm is happening. We anticipated it. But I don't believe that a district court is unable to address the fact that it has a new party in front of it. Thank you. Any further questions? Thank you. Your Honors, I think one thing that needs to be made clear here and understood is that this is not a variance case, which is what a lot of the cases that Ms. Andrews relies on. This is a constitutional case. The arguments from the wineries, we brought claims for violation of the First Amendment, violation of the Commerce Clause, violation of due process, violation of religious freedom, and state law preemption, among other arguments. These were facial challenges to these ordinances. But the point that your opponent is making in part is that the township has different interests than PTP has, and that the township may not be defending fully your constitutional challenges to the ordinance, and especially if the township can be subject to damages as opposed to simply injunctive relief. The township may say its interests are different. Two responses to that. One, I noted when Ms. Andrews was speaking, she didn't identify a single argument that PTP wants to make that the township didn't make. The second piece of that is the township vigorously defended this case. This case was filed in late 2020, I believe it was. I'm sorry, but she's going to get up on rebuttal, and I assume we could ask her, are there some arguments you'd like to make? Is it your contention, you think she doesn't have any? The only argument that I have seen that PTP has made is a supplemental jurisdiction argument related to the state law claims. That's what they identify in their late filed motion to dismiss, and that issue wasn't addressed here. They've appealed two issues at the lower court. One is that they weren't allowed to intervene, but the second is that District Judge Maloney didn't allow them to supplement their pleadings. What they did is they answered, and they had 42 affirmative defenses, I believe. Peninsula Township answered and had 38 affirmative defenses. For the most part, all of the affirmative defenses were identical. Peninsula Township made all of the affirmative defenses that PTP made, except for, I believe, subject matter jurisdiction, because they challenged whether or not the district court should have exercised supplemental jurisdiction over the state law preemption claims. That's the only one that I've noticed, but that's with the discretion of the district court. When you look at the district court's opinion, there are numerous instances where the district court, rightly or wrongly, says that the township effectively conceded certain of the issues. If PTP's interests are, in fact, different and more substantial in terms of relating homeowners, for instance, wouldn't it be important for PTP to be able to raise those concerns that the township didn't raise? I don't know that the township actually conceded these issues. It was because of deposition testimony. They had no basis for these. For example, I'd opposed Ms. Christina Dierin, who is the zoning enforcement officer, and this related to whether they were enforcing the ordinances properly. Ms. Dierin testified that the ordinance doesn't actually say. One of the issues was whether or not the wineries could host weddings. The township, for years, had always enforced the ordinance to say no weddings are allowed. When I deposed Ms. Dierin and the township supervisor, Rob Manigold, they testified, you know, you're right. The ordinance actually doesn't say weddings aren't allowed. They say weddings are allowed. Judge Maloney agreed. It really wasn't a concession. They didn't challenge the argument. It's just that they didn't have a basis for it. Isn't that part of the issue and part of the need for Protect to be alleged as their need to be part of this litigation is that they bring that evidence? They provide, what, five affidavits? And they're affidavits that are of a content different, it seems to me, from the defense that the township gives, such as quiet enjoyment, nuisance law. They are more individually based property rights claims that they would raise that are not, as I understand it, being raised in the same way and, by your argument, do not have evidence in the record. Your Honor, PTP was involved, intimately involved in this case, because the township invited PTP in. District Judge or Magistrate Judge Kent, at one point, ordered Peninsula Township to identify witnesses who could testify to the four central Hudson factors regarding regulation of commercial speech. Peninsula Township named two members of PTP to testify to that. Mr. John Wunsch, who has an affidavit in this case, and Mr. Grant Parsons, who's a local attorney, and I believe he's the president of PTP, but I'm not quite sure. Peninsula Township named those two gentlemen as witnesses, and I deposed those two gentlemen. Even if they are, I mean, were they representing PTP? I mean, PTP is an organization that presumably has interests that might be separate from its individual members. In other words, those individual members might have been testifying in their individual capacities. They were representing PTP because Ms. Andrews defended their depositions. She was there. They were there as members of PTP testifying regarding these central Hudson factors that the township addressed in enacting these ordinances. And that testimony was heavily relied upon. If you read the township summary judgment briefing, which maybe you have, but if you read their summary judgment briefing, there's actually a two-page, I believe it's a two-page quote. Right in the middle of their briefing, and it's a quote of Mr. Grant Parsons, and they quote John Wunsch. They actually relied on PTP's members to support the township's claim more than they relied on the township's own officials and employees in defending this case. The other piece of it is when you're looking at the second factor of Rule 24, we're talking about impairment of their ability. I think it's important that we remember what PTP alleged in their motion to intervene versus what they now argue to this court. In their motion to intervene, they say that their ability to engage in the quote zoning process would be impaired if they're not led into this case. On appeal, they've changed. And on appeal, they argue impairment of quiet enjoyment of our property and property values. That was an address below. They want to be involved in the zoning process. But if we step back and look at what's the zoning process and were they involved in the zoning process, of course they were. I can tell you, and I know it won't be in the evidence here, but Peninsula Township, the township board had a meeting every single month about this case. And they live stream it on YouTube. You can still find them. They're all up on YouTube. At every single one of those meetings, PTP was involved in the zoning process. They were allowed to address the township board in public comment, like every other citizen in Peninsula Township, because I can tell you they're... I'm struggling with why that isn't the very problem. Because the township owes duties to your client, just like it owes duties to the protect group. And there is clearly here a conflict between those two. And the outcome of that conflict could mean that the township has damages responsibility, for example, regarding your client's claims on the township's duties and responsibilities. So why wouldn't the concept of an intervener to protect a particularly involved individual group apply here to enable them to come forward and explain the background of these zoning laws and the particular harm that their clientele, their membership, would want addressed that is distinct from the town's duty to represent both of you? Well, two answers to that. And one actually is one of Judge Larson's questions. I think Judge Larson actually answers your question directly. First, one, if you let PTP in, this is that slippery slope, there was a town board meeting at one point where 200 people showed up. Because we had actually negotiated a settlement at one point. And 200 people showed up on all sides. Sign the settlement. Don't sign the settlement. There's another group up there that's called Protect the Peninsula Farmers. Because the farmers are interested in this, but adverse to Protect the Peninsula. It's interesting they call themselves an agricultural group. They're not an ag group. None of these people are farmers. I mean, John Muench is the closest you get, but he's a musician who sells guitar strings and his family owns farms. The actual farmers, the Protect the Peninsula Farmer group, they're anti-PTP because they think they're holding back agriculture. So doesn't that prove that maybe there should be more interveners in this case? That there's the wineries. You want to have more events. You want to have fewer hours. You want to have more exciting parties at your wineries. There's the township, which wants to enforce its existing zoning ordinances and go through proper procedures for amendments. There's the PTP, who we understand mostly represents homeowners. And then maybe there's a farmers group who are true farmers on this peninsula that have some other interest. If they had wanted to intervene, we'd have the same question. But why not say that there could be a discrete set of groups that do meet the intervention of right criteria here that should be allowed to participate in this lawsuit that the wineries have brought, which is trying to extend the opportunities to have lots of diverse activities at the wineries? Well, I think the answer to that, and again, I wanted to get back to one of Judge Larson's questions earlier, and actually one of your questions earlier, which was why is the township not adequate to defend here? And that's the second piece and third piece of Rule 24a.2 is who is the right person to defend? And Judge Larson, when the appellant was up here, you asked a question. Isn't there a difference between the litigation function and the legislative function of a township or local government here? And you're right. There is absolutely a difference in the function, and that's the Northland family case. But sometimes we see that function break down, right? And when that breaks down, so, for example, when the Solicitor General of the United States refuses to defend a law, then we allow other people to jump in, or when they defend the law not so vigorously. Well, but this is really what came up. But we don't have that situation here, so you don't need to get there. We have a township that's defending the law and vigorously defending the law. And you remember, we're talking about constitutional issues here. I know, Judge Moore, you talked about, you know, weddings and louder parties. That's really not, you know, that's what PCP wants to paint this case as. But some of these ordinances were simply egregious. The wineries were not allowed to advertise in the local newspaper. They couldn't take an ad in the local newspaper. I'm sorry. I understand the argument, but it seems to me it just begs the question of whether this particular entity has a right to participate in the very kind of conversation that you're saying to us now. I get it. You have a right to say that. Your client needs to say it. The question is whether the rights of this group that differ from the township's duties to the entire group of people that the township represents are sufficient that they need to have a representation in the litigation. That is not the test under Sixth Circuit precedent. That is simply not the test. Just because you are interested in this. No, I understand. I'm not asking you the ideological question. I'm asking you the practical question, whether the very things that they have rights to, property rights, which are of very significant interest in our legal communities, nuisance rights, quiet enjoyment of the property that they purchased, those are all extensively litigated rights. So my question is why does that not give them the right to be a part and have a voice in this litigation? Because that is not the test that the Sixth Circuit has established in Northland Family, in Granholm, and in Providence Baptist. In Granholm, the question that Granholm put out was, is this group directly regulated? This is from actually prior to that, the Detroit International Bridge case. The quote on whether they have a substantial interest. The test is, do they have a direct, significant, legally protectable interest? And then following that, in Northland Family, in Granholm, in Providence Baptist, and then AFLCIO v. Miller, the court went further and said, you need to be directly regulated by here an ordinance to have a substantial interest. This isn't as if the ordinances in Peninsular Township are 200 pages. There are four pages or five pages that directly relate only to wineries. There are three winery ordinances. They only regulate wineries. They don't regulate anyone else. And we are only challenging those ordinances. On your question of quiet enjoyment and things like that, the township has a generally applicable dark sky ordinance.  They can put in place a generally applicable noise ordinance, which they don't have. And if you read Judge Maloney's opinion on preemption, he talks about amplified music. And what he says is, you can have a noise ordinance. So if they want to have a generally applicable noise ordinance that can go to quiet enjoyment of your property, put in a noise ordinance. And PTP can engage in the, quote, zoning process by petitioning the township to put in place a generally applicable noise ordinance. What PTP doesn't have a substantial interest is, and I would suggest that not a single person in the country has a substantial interest in, no one has a substantial interest in the violation of somebody else's constitutional rights. You don't have a substantial interest in the violation of my rights of free speech or my rights of religion. You don't have a substantial interest. No one has that substantial interest. Well, I mean, yeah, unless your rights trample somebody else's rights, right? So you don't have a, I mean, at some point, rights conflict, right? So I just don't think you can say because I have a constitutional right, this other person doesn't have a right. I mean, they might have a protected property interest that butts up against some other interest of yours. So you're over claiming. Well, but PTP doesn't have a substantial interest in preventing a winery from putting an advertisement in the local newspaper just because they don't like wineries. There's no substantial interest in saying I can't put an advertisement in the local newspaper. I mean, one of these ordinances says that 85% of the, so if a winery is going to serve wine, 85% of the grapes that went into that wine has to come from just in Peninsula Township, and 50% of those grapes have to come from just that one farm. But hypothetically, the PTP farmers on the Peninsula could have an interest in that, not saying that it's a. . . There are no PTP farmers. I meant if there were such, you had said that this group doesn't protect the farmers. They do not. If there were such a group, they could say we need this rule that 85% of the wine has to come from, or 85% of the grapes have to be from here. The rule might be completely unconstitutional, of course. Of course. But they could say that they had such an interest and that they want to protect it. That's not the question here because we don't have farmers sitting here saying we want to intervene to protect the 85% rule. That's just not the rule. That's here in PTP. They're simply not farmers. I apologize. No, it's not your fault. We've taken you beyond your time. Thank you. Your Honor, I have several points to make in five minutes. This first intervention does not depend on the legal theory that the plaintiff brings in order to invalidate a claim. In Michigan AFL-CIO, the Chamber's interest didn't depend on the fact that the unions were arguing the legality, the constitutional, or what theory they brought their claim on. It was the impact, the practical impact, and in this case, whether it's a constitutional preemption, an appeal, whatever it is, it's the practical impact to PTP to invalidate an entire scheme. I would like to mention that my colleague, with all due respect, has identified numerous things that are not even in the record. The fact that there were, for example, weekly, monthly township meetings that PTP attended, I would respectfully request that you disregard those comments. I am unable to respond to them. I don't know if they're true or not, and they're certainly not in the record, and they're certainly not relevant to PTP's ability to intervene in litigation to protect its interests. Two minutes of public comment at the beginning of a meeting doesn't substitute for participation. The township's vigorous defense is we didn't know what arguments the township wouldn't make when we filed our petition to intervene. How could we know that? We didn't know that in, I mean, they certainly asserted in their affirmative defenses some overlapping issues, but if they don't raise them in summary judgment, which, of course, we couldn't know at the time we filed to intervene, how could I tell you what arguments they're not going to raise? I could tell you now they didn't raise that central Hudson test doesn't apply to the size of a retail space. They didn't argue that. They didn't argue that the dormant commerce clause doesn't apply when you have all these unlimited making and distribution of wine from anywhere with grapes from anywhere in the township, in the district, within both the ag and the commercial districts. We don't, I don't want to compound the level of beyond the record arguments, but we just, we don't believe the township's vigorously defending and the exact parameters of the arguments we would make are now more clear as of Friday's order than they could possibly have been the day we filed to intervene when we just, the township might have asserted, but that's not enough to vigorously defend a case to assert a claim in a complaint or in an answer to a lawsuit. As for the two witnesses in this case, Mr. Bunch and Mr. Parsons were called by the township as witnesses after a court order that required the township to call, I believe, four witnesses. They were called because they were intimately involved in the development of these provisions, not because they're PTP members, but because they are people with knowledge and interest. You can't live in a small town for your whole life and be involved in these issues like PTP and people that are PTP members. You said that PTP had a right to intervene. What would prevent that decision from being applied to say that every property owner in the peninsula has a right to intervene? Well, two responses, Your Honor. First, PTP is the only entity that has an application to intervene in this case, and frankly it's probably the only party that has a timely application to intervene, which is a threshold requirement. But wouldn't the principle, if we say PTP has a right to intervene under Rule 24, wouldn't that, as a practical matter, mean that in future cases, any property owner would have a right to intervene in a similar kind of case? No, I don't think that would be a change in the law that already exists that recognizes that parties that articulate a substantial interest in a case pending in front of the court and are organized and file a timely motion to intervene may do so. I don't think that's a stretch or a new rule. But it would be that anybody could intervene. That would be the result. And, of course, intervening takes money. You have to have money to pay lawyers and so forth. But you're saying it's established law that you have the right to intervene. I'm inferring that it would be established law that any couple of property owners could get together and say we're Block 22 and we think we have a right to intervene. I mean, if on the facts of the case they make the argument, all of the standards for intervention supported by affidavits, I don't know that I can speculate that this case would have a blowing open of intervention law. I don't know how often we've got cases where the situation arises and what the long, you know, what the, I don't believe that that would be a slippery slope towards unlimited intervention of any person in any land use case challenging the legality or validity of a zoning scheme. I'm not sure if that's responsive to your question. Thank you. Unfortunately, your time is up. Thank you. Thank you. Thank you both for your argument. The case will be submitted and the clerk may call the next case.